IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ADAMS BAYOU MARINE § | |
| MANAGEMENT COMPANY, LLC § | |
|     Plaintiff, § | |
| § | CASE NO. _____ |
| v. § | |
| § | |
| DOUBLE CHINE, LLC § | |
|     Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT IN TRESPASS-TO-TRY-TITLE
AND FOR ISSUANCE OF DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Adams Bayou Marine Management Company, LLC ("Plaintiff") and files this its Original Complaint in Trespass-to-Try-Title and for Issuance of Declaratory Judgment against Double Chine, LLC ("Defendant").

## A.
## PARTIES

1. Plaintiff Adams Bayou Marine Management Company, LLC is a domestic limited liability company with its principal offices in Orange, Texas.

2. Defendant Double Chine, LLC ("Defendant") is a Limited Liability Company registered in Louisiana and whose principal place of business is located at 1112 Laura Lane, Lake Charles, Louisiana 70605. Moreover, upon information and belief, all of Defendant's members are residents of Louisiana. Service of citation may be made upon Defendant by serving its registered agent, Matthew Devall at 1112 Laura Lane, Lake Charles, Louisiana 70605, or wherever he may be found.

### B.
### JURISDICTION

3. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. States, and the amount in controversy exceeds $75,000, excluding interest and costs. Specifically, Plaintiff is a citizen of the State of Texas and Defendant is a citizen of the State of Louisiana. Additionally this lawsuit involves the rightful ownership of a certain parcel of land with a value well in excess of $75,000.

### C.
### VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the property at issue is situated in this district. Specifically, this lawsuit involves the rightful ownership of a parcel of property located in Orange County, Texas.

### D.
### FACTS

5. Plaintiff is the sole owner of a 3.82 acre tract or parcel of land located in the Henry Walter Survey, Abstract No. 459, Orange County, Texas more particularly described in Exhibit "A" to this Original Complaint ("the Property").[1] The Property is part of a parcel of land commonly known as Emerald Island in Orange County, Texas.

6. For purposes of this lawsuit and the claims asserted herein by Plaintiff, the pertinent history of the Property begins on November 29, 2021. On that date, Chester Slay (the sole manager of Plaintiff), filed an Affidavit of Adverse Possession with respect to the Property (in his individual capacity), swearing that he had the sole and uninterrupted possession of the Property since 2009. *See* Exhibit "A." Among other things, Chester Slay swore in the Affidavit of Adverse Possession that he cleared the Property of brush and trees on a yearly basis; removed refuse, debris and storm

---

[1] See Appendix A of Exhibit "A."

damage subsequent to several hurricanes and floods that had affected the property since 2009; stored machinery, vehicular equipment and vessels on the Property; built buildings; installed tanks; raised livestock; and put down base material over certain areas throughout the twelve years of his occupation.  *See* id.  Also of note, the Property is part of an island that is completely surrounded by the waters of Plaintiff and Chester Slay owned the entirety of the island and the only bridge to the island.  *See* id.

7.   On November 29, 2021, Plaintiff was deeded the Property from Chester Slay by Quit-Claim Deed.  *See* Exhibit "B."

8.   On December 1, 2021, Plaintiff deeded the Property back to Chester Slay.  *See* Exhibit "C."

9.   On September 19, 2022, Chester Slay deeded the Property back to Plaintiff.  *See* Exhibit "D."  Accordingly, Plaintiff is the sole owner of the Property.

10. Now, Defendant is wrongfully asserting that it is the owner of the Property, and has threatened to move equipment onto the Property.  Defendant claims that it was deeded the Property, in whole or in part, from Mary E. Sneed Trust on or about June 29, 2022.  However, Mary E. Sneed Trust did not own any portion of the Property on June 29, 2022.  In fact, Mary E. Sneed Trust has never owned any portion of the Property and could not have legally transferred the Property to Defendant.  Accordingly, Defendant has no right to possess any portion of the Property.

### E.
### COUNT 1 – TRESPASS TO TRY TITLE

11. Plaintiff incorporates herein, as if fully set out, the facts and allegations pled in paragraph nos. 1 through 11 above.

12. Plaintiff brings this action against Defendant in trespass to try title to the Property pursuant to Texas Property Code § 22.001 et seq.  Plaintiff asserts that it has superior record title to, and the exclusive right to, possession of the Property.  Plaintiff has a regular chain of conveyances from the sovereign to it, or a superior title out of a common source, or a superior title through adverse possession, which establishes superior title and right to possession.  Plaintiff asserts that Defendant's "General Warranty Deed" is false and of no legal effect, and that Defendant has threatened to  trespass on  to the Property.

## F.
## DECLARATORY JUDGMENT

13. Plaintiff seeks a Declaratory Judgment judicially recognizing Plaintiff's title and exclusive right of possession of the Property and quieting title in Plaintiff's name.

## G.
## PREREQUISITES

14. All prerequisites, if any, to Plaintiff's claims for relief and the filing of this suit have been performed or have occurred.

## H.
## RIGHT TO AMEND

15. Plaintiff reserves the right, based upon additional information received during the course of discovery, to amend these pleadings to include additional parties as appropriate, omit parties as appropriate, and amend claims, allegations, causes of action, names, and grounds for recovery in accordance with the Texas Rules of Civil Procedure.

## I.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Adams Bayou Marine Management Company, LLC that, after citation is issued and served on Defendant Double Chine, LLC , the

Court issue a Declaratory Judgment judicially recognizing Plaintiff's title and exclusive right of possession of the Property and quieting title in Plaintiff's name.  Plaintiff further requests a writ of possession, if needed, as well as any other writ as often and as necessary to enforce the judgment.  Finally, Plaintiff requests the Court award it such other and further relief, both general and special, legal and equitable, to which it may show itself justly entitled to receive.

Respectfully submitted,

Law Office of Pardue and Associates, PLLC

*/s/ Keith A. Pardue*
Keith A. Pardue
State Bar No. 15458500
keith@keithparduelaw.com
2802 Flintrock Trace Suite 260
Austin, Texas 78738
Telephone: (512) 266-8135
Telecopier: (512) 371-4145

-and-

MEHAFFYWEBER

By: _____
Warren B. Wise
State Bar No. 24075299
warrenwise@mehaffyweber.com
Holly C. Hamm
State Bar No. 24036713
hollyhamm@mehaffyweber.com
Post Office Box 16
Beaumont, Texas  77704
Telephone:  (409) 835-5011
Telecopier:  (409) 835-5729

ATTORNEYS FOR PLAINTIFF