IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ADAMS BAYOU MARINE MANAGEMENT COMPANY, LLC,<br>　*Plaintiff,*<br><br>VS.<br><br>DOUBLE CHINE, LLC,<br>　*Defendant/Third-Party Plaintiff,*<br><br>VS.<br><br>MARY E. SNEED FAMILY TRUST; WAYNE PEVETO, INDIVIDUALLY AND AS TRUSTEE OF THE MARY E. SNEED FAMILY TRUST; THE ESTATE OF MARY E. SNEED, DECEASED; MARTIN M. SNEED FAMILY TRUST; NON-EXEMPT DESCENDANTS TRUST; EXEMPT DESCENDANTS TRUST; AND CLYDE SNEED, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF MARY E. SNEED, DECEASED, AS TRUSTEE OF THE MARTIN M. SNEED FAMILY TRUST; THE NON-EXEMPT DESCENDANTS; AND EXEMPT DESCENDANTS TRUST,<br>　*Third-Party Defendants.* | CIVIL ACTION NO. 1:23-CV-00084<br>JUDGE MICHAEL J. TRUNCALE |

**<u>ORDER DENYING THIRD-PARTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Before the Court is the Third-Party Defendants' Motion for Partial Summary Judgment. [Dkt. 40]. The Third-Party Defendants in this matter are the Mary E. Sneed Family Trust; Wayne Peveto, Individually and as Trustee of the Mary E. Sneed Family Trust; The Estate of Mary E. Sneed, Deceased; the Martin M. Sneed Family Trust; the Non-Exempt Descendants Trust; the Exempt Descendants Trust; and Clyde Sneed, Individually and as Independent Administrator of The Estate of Mary E. Sneed, Deceased, and as Trustee of the Martin M. Sneed Family Trust, the Non-Exempt Descendants Trust, and the Exempt Descendants Trust (collectively, "Third-Party Defendants"). *See* [Dkt. 13 at 1–4]. The Third-Party Defendants filed the present

motion in this Court on June 28, 2024.[1] [Dkt. 40]. After the Court Ordered Defendant/Third-Party Plaintiff Double Chine, LLC ("Double Chine") to Respond [Dkt. 43], Double Chine submitted its Response on August 8, 2024. [Dkts. 47, 48]. The Third-Party Defendants did not file a Reply and the window for doing so has closed. *See* E.D. Tex. Loc. Civ. R. 7(f). The pending motion is now ripe for review.

For the reasons stated below, the Court **DENIES** the Third-Party Defendants' motion, but only because the issue raised can be decided on a narrower ground.

## I. BACKGROUND

This is a property dispute. *See generally* [Dkt. 35]. Plaintiff Adams Bayou Marine Management Company, LLC ("Adams Bayou") has its principal offices in Orange, Texas. *Id.* at ¶ 1. Chester Slay ("Slay") is Adams Bayou's sole manager. *Id.* at ¶ 13. Defendant Double Chine is registered in Louisiana and has its principal place of business in Lake Charles. *Id.* at ¶ 2.

On November 29, 2021, Slay filed an Affidavit of Adverse Possession with the Orange County Clerk averring that he was the owner of a 3.82-acre tract of land located in the Henry Walter Survey, Abstract No. 459, Orange County, Texas ("3.82 Acre Tract").[2] *Id.* at ¶ 5. The 3.82 Acre Tract is part of a parcel of land commonly known as Emerald Island. *Id.* In the Affidavit of Adverse Possession, Slay averred that he had sole, uninterrupted possession of the 3.82 Acre Tract since 2009. *Id.* at ¶ 6; [Dkt. 35-1 at 1]. Slay averred that he cleared the 3.82 Acre Tract of brush and trees annually; removed refuse, debris and storm damage subsequent to several hurricanes and floods that had affected the 3.82 Acre Tract since 2009; stored machinery, vehicular equipment and vessels on the 3.82 Acre Tract; built buildings; installed tanks; raised livestock; and put down base material over certain areas throughout the twelve years of his occupation. *Id.* Slay also averred that the 3.82 Acre Tract was "completely surrounded by the waters of Adams Bayou and [he owned] or control[ed] the entirety of the island and 100% of the only bridge to [it]." *Id.*

---

[1] The Third-Party Defendants note that the plaintiff did not indicate their agreement or disagreement with the pending motion. [Dkt. 40 at 1 n.1]. Regardless, the Court can decide the motion without the plaintiff's input.

[2] An exhibit to the Complaint describes the 3.82 Acre Tract in detail. *See* [Dkt. 35-1 at 2–3].

Slay deeded the 3.82 Acre Tract to Adams Bayou by Quit-Claim Deed on the same day he filed his Affidavit of Adverse Possession (November 29, 2021). [Dkt. 35 at ¶ 7; Dkt. 35-2]. On December 1, 2021, Adams Bayou deeded the 3.82 Acre Tract back to Slay. [Dkt. 35 at ¶ 8; Dkt. 35-3]. On September 19, 2022, Slay deeded 2.073 acres of the 3.82 Acre Tract back to Adams Bayou (the "Property"). [Dkt. 35 at ¶ 9; Dkt. 35-4]. Adams Bayou alleged that this transaction made it the sole owner of the Property. [Dkt. 35 at ¶ 9].

Adams Bayou alleged that Double Chine wrongfully asserted ownership over the Property and threatened to move equipment onto it. *Id.* at ¶ 10. Double Chine claimed it was deeded the Property, in whole or in part, from The Mary E. Sneed Trust on or about June 29, 2022. *Id.* Adams Bayou alleged that since The Mary E. Sneed Trust owned no portion of the Property, it could not have legally transferred the Property to Double Chine on June 29, 2022. *Id.*

Based on the foregoing facts, Adams Bayou brings a Trespass to Try Title action against Double Chine under Texas law (Tex. Prop. Code Ann. § 22.001 *et seq.*). *Id.* at ¶¶ 11–14. Adams Bayou alleges that it has superior title through adverse possession. *Id.* at ¶¶ 12–13. Alternatively, Adams Bayou brings a suit to quiet title against Double Chine; it seeks a declaratory judgment recognizing its title and the removal of all indicia of Double Chine's interest in the Property from the Orange County records. *Id.* at ¶¶ 15–19.

On July 20, 2023, Double Chine filed a Third-Party Complaint[3] against the Third-Party Defendants. [Dkt. 13]. The Third-Party Complaint alleges that the Third-Party Defendants conveyed the Property to Double Chine by General Warranty Deed. *Id.* at ¶ 2; [Dkt. 13-2]. The Third-Party Complaint isolates a provision in the General Warranty Deed which bound the Third-Party Defendants and their successors "to warrant and forever defend the Property unto [Double Chine and Double Chine's] successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof." [Dkt. 13 at ¶ 2; Dkt. 13-2 at 2]. Importantly, the Third-Party Complaint states the following:

> *Should it be determined that [Adams Bayou] is the true owner of and holds superior title to the Disputed Property*, [Double Chine] will be divested of any interest therein, entitling [Double Chine] to judgment against Third-party Defendants for Defendant's damages

---

[3] "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty *who is or may be liable to it for all or part of the claim against it.*" See FED. R. CIV. P. 14(a)(1) (emphasis added).

> including but not limited to the current fair market value the Disputed Property and/or the purchase price, plus costs, pre- and post-judgment interest, and attorney's fees.

[Dkt. 13 at 5 (emphasis added)]. Double Chine brought claims against the Third-Party Defendants for breach of contract, breach of express and/or implied covenant of seisin, and breach of warranty of title. *Id.* at 5–7.

The Court recited the allegations from the First Amended Complaint above since that Complaint currently controls. *See generally* [Dkt. 35]. Adams Bayou filed its First Amended Complaint on April 5, 2024. *Id.* The First Amended Complaint largely tracks with the Original Complaint, which was filed on February 28, 2023. [Dkt. 1]. But there is a notable difference. The following paragraph from the Original Complaint's "TRESPASS TO TRY TITLE" section is most relevant:

> Plaintiff brings this action against Defendant in trespass to try title to the Property pursuant to Texas Property Code § 22.001 et seq. Plaintiff asserts that it has superior record title to, and the exclusive right to, possession of the Property. Plaintiff *has a regular chain of conveyances from the sovereign to it, or a superior title out of a common source*, or a superior title through adverse possession, which establishes superior title and right to possession. Plaintiff asserts that Defendant's "General Warranty Deed" is false and of no legal effect, and that Defendant has threatened to trespass on to the Property.

[Dkt. 1 at 4 (emphasis added)]. In other words, while Adams Bayou's Trespass to Try Title claim had *three* anchors in the Original Complaint (a regular chain of conveyances from the sovereign, superior title out of a common source, and/or superior title through adverse possession), the First Amended Complaint appears to only provide *one* (superior title through adverse possession). *Compare id.*, *with* [Dkt. 35 at ¶¶ 12–13].

The pending motion spotlights Adams Bayou's lack of evidence for the "regular chain of conveyances from the sovereign" and "superior title out of a common source" grounds listed in the Original Complaint ("Additional Grounds"). [Dkt. 40 at 4]. The Third-Party Defendants argue that, since Double Chine's claims are contingent on Adams Bayou's rightful ownership of the Property, and Adams Bayou has marshalled no support for the Additional Grounds, then summary judgment should be rendered on Double Chine's claims to the extent that they are based on the Additional Grounds. *Id.* at 3, 4. Double Chine responds that even though the Additional Grounds appear to be abandoned, summary judgment is improper because its contingent claims nevertheless "depend on this case's future development." [Dkt. 47 at 3].

4

## II. LEGAL STANDARDS

### a. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when the pleadings and evidence demonstrate that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005); FED. R. CIV. P. 56(c). "An issue is material if its resolution could affect the outcome of the action." *DIRECTV*, 420 F.3d at 536. "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences must be drawn in favor of the nonmoving party. *Smith v. Amedisys Inc.*, 298 F.3d 434, 440 (5th Cir. 2002). There is no genuine issue of material fact if, when the evidence is viewed in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (citations omitted). "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Tennyson v. Hatton*, No. 6:16cv1206, 2021 WL 472963, at *7 (E.D. Tex. Jan. 4, 2021) (citing *Burleson v. Tex. Dep't of Crim. Just.*, 393 F.3d 577, 589 (5th Cir. 2004)), *report and recommendation adopted*, No. 6:16-cv-01206, 2021 WL 473741 (E.D. Tex. Feb. 9, 2021); *see* FED. R. CIV. P. 56(c)(1)(A).

## III. DISCUSSION

The Court is convinced that, by moving for partial summary judgment, the Third-Party Defendants are wielding a blunt instrument. A more precise tool will suffice: The rules governing the amendment of Complaints.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). The failure to re-assert a claim in an amended complaint amounts to an

abandonment of said claim. *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 870 F. Supp. 2d 441, 449 (S.D. Tex. 2012) (Rosenthal, J.) (collecting cases).

The Court finds a case from outside this circuit helpful. *See Jones v. Marriott Hotel Servs., Inc.*, No. 05-CV-5206, 2008 WL 2940791 (N.D. Ill. July 25, 2008). In *Jones*, the plaintiffs brought negligence and loss of consortium claims against Marriott Hotel Services, Inc. ("Marriott") based on an injury inflicted by an automatic revolving door. *Id.* at *1. Marriott filed a three-count, third-party complaint for contribution against Tee-Jay Service Co. ("Tee-Jay"), alleging negligence, indemnification, and breach of contract. *Id.* Tee-Jay moved for summary judgment on these three claims. *Id.* However, shortly after the briefing began for Tee-Jay's motion, the plaintiffs filed an amended complaint which revised their negligence claim. *Id.* Specifically, "the amended complaint omitted the allegations that gave rise to at least some, if not all, of Marriott's third party claims against Tee Jay. In particular, the amended complaint [lacked] any reference to allegedly improper inspection, repair, service, or maintenance of the automatic revolving door." *Id.* The court ultimately requested supplemental briefing from Marriott and Tee-Jay to assess the impact of the amendment on the totality of Marriott's third-party complaint. *Id.* at *7.

Although Marriott was the Third-Party Plaintiff in *Jones*, it raised precisely the same concerns as the Third-Party Defendants in the present matter—it was concerned with the plaintiffs' ability to revive their allegations later in the litigation[4]:

> In its brief in opposition to Tee Jay's motion for summary judgment, Marriott insisted that *even if Plaintiffs amended their complaint to drop the claim* that "the door was improperly repaired, maintained or inspected," *summary judgment still must be entered* against Plaintiffs *"so as to prevent them from ever asserting such claims,"* . . . Mar. Resp. at 4 n. 1; see also *id.* at 13 ("As long as Plaintiff is not legally foreclosed from claiming that the door was defective, improperly maintained, improperly inspected, or improperly repaired, Illinois law requires that Marriott be allowed to maintain its contribution and indemnity actions. This remains true even if Plaintiffs accept this Court's recent invitation to amend their Complaint and 'abandon' the allegations of the current Complaint, as *simply removing the allegations*

---

[4] The Third-Party Defendants state that

> Adams Bayou *should not be able to belatedly revert back* to any claim for relief based upon title in a chain running from the sovereign, or better title, as against Double Chine. Third Party Defendants should be able to process this case and prepare for trial or other disposition, *knowing which basis or bases of recovery Adams Bayou may be pursuing*.

[Dkt. 40 at 4 (emphasis added)].

> *that the door was operating in a defective manner does not prevent Plaintiffs from raising the issue at trial and/or re-pleading yet again.*").

*Id.* at *4 (emphasis added). The court allayed these concerns by referencing the broader context of the case, namely the looming trial date and the expired amendment deadline, as indicators that "[the] [p]laintiffs intended to formally abandon the claims that gave rise to Marriott's third-party claim." *Id.* at *6. And for good measure, the court noted that (1) the "undue delay" and prejudice factors would strongly favor a denial of any attempt to re-plead the abandoned claims, *id.* (citing *Kennedy v. Mendoza-Martinez*, 371 U.S. 178, 182 (1963)), and (2) "any testimony at trial in support of an abandoned theory of recovery would be irrelevant and inadmissible." *Id.*

The reasoning from *Jones* applies here. Resembling the amendment in *Jones*, Adams Bayou jettisoned the Additional Grounds in its First Amended Complaint—at no point does the First Amended Complaint incorporate any part of the Original Complaint by reference, let alone the Additional Grounds.[5] And the broader context of this case suggests that the Additional Grounds will not rise from the grave. This case has been pending in this Court for two years and trial is currently set for July of this year. *See* [Dkt. 1; Dkt. 70 at 3]. Under the operative Scheduling Order, the deadline to amend pleadings (without leave of court) has long passed and another request to amend would have a steep hill to climb. *See* [Dkt. 70 at 1]; *see Jones*, 2008 WL 2940791, at *6 (citing *Kennedy*, 371 U.S. at 182). As both the Third-Party Defendants and Double Chine point out, Adams Bayou has provided no evidence during discovery "which *even hints* that it may successfully establish" the Additional Grounds against Double Chine. [Dkt. 40 at 3 (emphasis added)]. In fact, Double Chine cites to deposition testimony from Slay (before the First Amended Complaint was even filed[6]) telegraphing that the adverse possession theory was the heart of Adams Bayou's Trespass to Try Title claim. *See* [Dkt. 48 at 254:20–24 ("And I understood your testimony and appreciate it where you're saying

---

[5] The Third-Party Defendants and Double Chine state that Adams Bayou should've made it clear in its First Amended Complaint that adverse possession is the only remaining anchor for its Trespass to Try Title claim. [Dkt. 40 at 3; Dkt. 47 at 2]. Holding the two Complaints side-by-side, the Court believes Adams Bayou made their pivot clear. *Compare* [Dkt. 1 at ¶ 12], *with* [Dkt. 35 at ¶¶ 12–13].

[6] Slay's deposition was taken on December 19, 2023. [Dkt. 48 at 1].

7

your focus at this point is about superior title through adverse possession. A. Correct.")]. All in all, this broadcasts that Adams Bayou has settled into its position, and that position does not include the Additional Grounds. In the off chance that Adams Bayou is plotting a sneak attack, that can be swiftly neutralized at the pre-trial conference and even during trial itself. *See* FED. R. CIV. P. 15(b)(1) (providing that an opposing party may object at trial to evidence that "is not within the issues raised in the pleadings").

The Court agrees that Double Chine's third-party claims ultimately "depend on this case's future development." [Dkt. 47 at 3]. Double Chine broadly seeks to recover damages from the Third-Party Defendants if it is determined that Adams Bayou is the true owner of the property on *any* grounds. *See* [Dkt. 13 at ¶ 3]. Since the adverse possession theory remains live, Double Chines's third-party claims remain live. *See id.* Given the context of this case, the Court is convinced that awarding the Third-Party Defendants a partial summary judgment would be akin to handing them a plastic trophy: a symbol of victory with negligible weight. Accordingly, the Court denies the Third-Party Defendants' motion for partial summary judgment.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Third-Party Defendants' Motion for Partial Summary Judgment [Dkt. 40] is hereby **DENIED**.

**SIGNED this 28th day of March, 2025.**

Michael J. Truncale
United States District Judge