IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ADAMS BAYOU MARINE MANAGEMENT COMPANY, LLC<br>    Plaintiff,<br><br>v.<br><br>DOUBLE CHINE, LLC<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:23-CV-00084-MJT |

## PLAINTIFF ADAMS BAYOU MARINE MANAGEMENT COMPANY, LLC'S RESPONSE TO DEFENDANT DOUBLE CHINE LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Double Chine, LLC's Motion for Partial Summary Judgment must be denied in all respects because the Summary Judgment evidence proffered by Plaintiff Adams Bayou Management Company, LLC meets and exceeds every required standard necessary to defeat Defendant, Double Chine LLC's Motion for Partial Summary Judgment.

I.
BACKGROUND FACTS

Chester Slay bought 3.6 acres of land on April 27, 2009 from Lone Star Shipyard obtaining a fee simple title. At the time of purchase, Slay thought that his purchase included the entirety of Emerald Island but subsequently determined that there was an additional 3.82-acre portion which was not a part of his fee simple title.

Subsequent to the purchase in 2009, Chester Slay cleared the entirety of Emerald Island of many trees, shrubs, bushes, trash, and a barge.  Soon after purchase, Mr. Slay began to clear the heavily wooded, jungle-like overgrowth characteristic of the island prior to purchase.  Exhibits 5, 6, & 7.

Over the past **15** years since Slay purchased the property, he has utilized, modified and improved the 3.8-acre tract which includes the 2.07-acre disputed tract (Disputed Property) now owned and occupied by Adams Bayou Marine Management Company, LLC. Chester Slay peacefully and adversely possessed from and after April 27, 2009, until he deeded the 2.07-acre tract of land to Plaintiff Adams Bayou Marine Management Company, LLC on November 29, 2021. Also of legal importance, the property known as Emerald Island is completely surrounded by water and Chester Slay occupied the entirety of the island since April 27, 2009 and owned the only bridge to the island.

Upon inquiry from realtor Jim Hendrix in behalf of the Duval interest, Owners of Double Chine, LLC, as to how much Chester Slay wanted for the now disputed piece of property, it was obvious to Chester Slay that an effort would be made by Double Chine, LLC to acquire some or all of Emerald Island. Consequently, the decision

was made to respond defensively by subdividing the Adams Bayou tract out of the initial adverse possession tract and to seek a Court decision for the disputed tract.

Defendant claims that it was deeded 2.073 acres of the 3.28 acres in whole or in part from the Mary Sneed Trust on about June 29, 2022. However, the Mary E. Sneed Trust never owned any portion of the Property on June 29, 2022. In fact, the Mary E. Sneed Trust has never owned any portion of the property and could not have legally transferred the Disputed Property to Defendant. Accordingly, Defendant has no right to possess any portion of Emerald Island.

## II.
## SECTION 16.026(a) TEXAS CIVIL PRACTICE AND REMEDIES CODE ADVERSE POSSESSION

Section 16.026 (a) of the Texas Practice and Remedies Code (TRCP) sets out the legal standards for a claim of Adverse Possession.  Specifically, Section 16.026 (a) provides the following limitations period.  "A person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in **peaceable and adverse possession by another who cultivates, uses, or enjoys the property."** Emphasis Added. Chester Slay clearly held the disputed 2.073-acre tract peaceably for a period of more than ten years and cultivated, used or enjoyed the 2.073 acres wrongfully claimed by Defendant. Mr. Slay's adverse possession began

on April 27, 2009. The deadline mandated for a legal property owner to file a lawsuit to reclaim any interest on Emerald Island was April 28, 2019, one day after the ten-year Adverse Possession. As the Court is aware there were no challenges brought by anyone until Defendant Double Chine, LLC indicated that it was planning to occupy the disputed tract. Double Chine, LLC waited more than three years after April 27, 2019 to claim their alleged interest in the disputed property. Adams Bayou Marine Management Company, LLC filed this action against the Duval-owned Double Chine, LLC since the Mary Sneed Trust never owned an interest in the Disputed Property. Even if the Mary Sneed Trust could prove they owned the Disputed Property, they waived any right to reclaim their ownership because they missed the lawsuit filing deadline of April 28, 2019, as is required specifically by TRCP 16.026 (a), one day after Chester Slay's 10-year adverse possession of the Disputed Property.

### III.
### **DEFENDANT NEVER HAD TITLE TO THE DISPUTED PROPERTY**

Here, the evidence is clear as Plaintiff clearly testified at his original Depositions and at his Supplemental Depositions he has peacefully and adversely cultivated, used or enjoyed the 2.073 acre tract; that Defendant Double Chine has never had title to the 2.073 Acre Tract because Defendant traces his title to the

Mary Sneed Family Trust (Sneed); and Sneed failed to bring a lawsuit on or before April 28, 2019 which was the last day anyone could challenge Chester Slay's Adverse Possession and thus the time limit under Section 16.026 (a) expired for the Mary Sneed Trust and thus the Mary Sneed Trust could not legally pass any title to Defendant Double Chine, LLC.

## IV.
## ADAMS BAYOU'S ADVERSE POSSESION IS NOT TIME BARRED

Adams Bayou's adverse possession claim is not time barred under the Ten-Year statute of limitation because the evidence is clear that Adams Bayou Marine Management Company, LLC undertook an actual and visible appropriation of real Property, commenced and continued that appropriation under a claim of right that is inconsistent with and is hostile to the claim of another person. See Estes v. Leifeste, 2024 Tex. APP. Lexis 5612. The record evidence confirms that hostility. Chester Slay testified that he bought the property on April 27, 2009 and that he began repairing and fortifying the existing bridge to the property that he then gated and further protected and testified at his deposition that he intended "to keep people off the entire Emerald Island "as much as possible. Mr. Slay testified that he purchased goats, inclusive of those that were previously possibly on the property, and he took care of the goats and bought other goats that he corralled and allowed to graze on

the property. Mr. Slay also testified. (1) He did so, so the goats would have adequate food and water and to keep the goats from getting out;

(2) that he placed and stored multiple boats, and trailers, etc. on the property for the purpose of storage. Exhibits 1, 2, 3, & 4;

(3) that among other equipment, Mr. Slay testified that he also kept on the lot three trailers, a 5-ton truck; (4) a front-end loader; and (5) three 35-foot trailers. *Id*. Every one of these large pieces of equipment are of such a size that it would defy credibility to argue, Defendant Double Chine apparently attempted to claim that the clearly open and notorious actions of the Plaintiff are in fact not adverse to the claims of any other persons in that vicinity even though Emerald Island is only accessible by driving over the bridge which is controlled or by taking a boat. For all these reasons alone, Defendants Motion for Summary Judgment must be denied.

The same is true of the Defendants' arguments relating to pictures Defendant copied from Google Earth at great distances above the ground. Attached are pictures that clearly identify the goats, boats, trailers, front end loader, 5-Ton Truck that are on the 2.073 Acre Tract that was adversely possessed by Mr. Slay and can clearly be seen occupying the 2.073 Acre Tract. *Id.*

Although, Defendants' Attorney attempts to criticize Mr. Slay's deposition testimony, Defendants fail to identify any witness testimony that would warrant approving Defendant's Motion For Summary Judgment and taking these fact questions away from the Jury.

Finally, in deciding whether there is a disputed fact issue, **the court reviews the evidence in the light most favorable to the nonmovant,** crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. A plaintiff must show entitlement to prevail on each element of the cause of action, except the amount of damages. The evidence raises a genuine issue of fact if "reasonable and fair-minded jurors could differ in their conclusions in light of all" the summary judgment evidence. Goodyear Tire and Rubber Co. S.W. 3d 754, 755 (Tex. 2007) (per curiam). Emphasis Added.

## V.
## PRAYER

WHEREFORE PREMISED CONSIDERED, Adams Bayou Marine Management Company, LLC respectfully prays that the Defendant Double Chine, LLC's Partial Motion For Summary Judgement be in all things DENIED.

Respectfully,

*/s/Keith A. Pardue*
Keith A. Pardue
TX Bar No. 15458500
Law Office of Pardue & Associates, PLLC
2802 Flintrock Trace Suite 260
Austin, Texas 78738
Phone 512-413-7156
FAX 512-371-4145
Email: keith@keithparduelaw.com
Counsel For
Adams Bayou Marine Management Company, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all parties in interest via electronic filing on April 20, 2025.

*/s/Keith A. Pardue*
Keith A. Pardue

# AFFIDAVIT

STATE OF TEXAS
COUNTY OF JEFFERSON

On this the 18th day of April, 2025, Chester Slay appeared before me, the undersigned Notary Public, and upon his oath, said:

My name is Chester Slay. I am capable of making this affidavit. The facts stated in the foregoing Response to Defendant's Motion for Summary Judgment and Exhibits are within my personal knowledge and are true and correct to the best of my knowledge.

_____
Chester Slay

SWORN TO and SUBSCRIBED before me by Chester Slay on April 18, 2025.

ALEX TRUONG
Notary Public, State of Texas
Comm. Expires 06-15-2025
Notary ID 133156886

_____
Notary Public in and for the State of Texas