IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ADAMS BAYOU MARINE <br> MANAGEMENT COMPANY, LLC <br>     Plaintiff, <br><br> v. <br><br> DOUBLE CHINE, LLC <br>     Defendant/Third Party Plaintiff, <br><br> v. <br><br> MARY E. SNEED FAMILY TRUST, <br> et, al. <br><br>     Third-Party Defendants. | § § § § § § § § § § § § § § § § | CASE NO. 1:23-CV 00084 <br> JUDGE MICHAEL J. TRUNCALE |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

**TO THE HONORABLE JUDGE MICHAEL J. TRUNCALE:**

**COMES NOW,** Adams Bayou Marine Management Company, LLC ("Plaintiff") and files this its Second Amended Complaint.

### PARTIES

1. Plaintiff Adams Bayou Marine Management Company, LLC is a domestic limited liability company with its principal offices in Orange, Texas.

2. Defendant Double Chine, LLC ("Defendant") is a Limited Liability Company registered in Louisiana and whose principal place of business is located at 1112 Laura Lane, Lake Charles, Louisiana 70605. Moreover, upon information and belief, all of Defendant's members are residents of Louisiana. Service of citation has been issued and Defendant has appeared in this lawsuit.

3. Mary E. Sneed Family Trust, et al.

## JURISDICTION

4. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. States, and the amount in controversy exceeds $75,000, excluding interest and cost. Specifically, Plaintiff is a citizen of the State of Texas and Defendant is a citizen of the State of Louisiana. Additionally, this lawsuit involves the rightful ownership of a certain parcel of land with a value well in excess of $75,000.

## VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. $ 1391(b)(2) because a substantial part of the property at issue is situated in this district. Specifically, this lawsuit involves the rightful ownership of a parcel of property located in Orange County, Texas.

## DEFINITIONS

6. Emerald Island – An island located within the confluence of Adams Bayou in Orange County, Texas. The island is bounded on the West by the New Adams Bayou channel and on the North, East, and West by the Oxbow of the Old Adams Bayou.

7. Slay Family Trust Tract – approximately 3.60 acres out of the Emerald Island property. The acreage was purchased by Chester Slay on April 27, 2009 from Lone Star Shipbuilding, Inc. and placed in the Slay Family Trust. (Exhibit B-1).

8. Chambers Marine Management, LLC – originally 3.80 acres out of the Emerald Island Tract.

9. The Slay Family Trust tract of 3.6 acres, the Chambers Marine Management tract of 1.73 acres and the Adams Bayou tract of 2.073 acres comprise the entirety of the 7.403 acre Emerald Island.

10. Adams Bayou tract – a 2.073 acre tract out of the 3.80 acre Chambers Marine Management tract which is the subject of this suit. (Exhibit D.)

11. Specter map – This map was provided to Chester Slay subsequent to his purchase of property on Emerald Island. Even though the map is signed by Michael Specter, Plaintiff has been unable to verify its' authenticity. On the Specter map the total area of the Lane labeled tract is incorrect and the northern boundary does not match the boundary of the Henry Walter Abstract.

12. Hannah map – a map first provided to the Court as an exhibit for Defendants Motion for Summary Judgment. The map is certified by Dempsey Hannah based on 460031 Official Public Records Orange County Texas. O.P.R.O.C.T. 460031 does not reflect the same property description that is used for the Hannah map or Double Chine title. (Exhibit F).

13. Double Chine LLC – defendant in this case, Muddy Water Dredging LLC – operating entity for the Duval interest. Stored dredging pipe on Chambers Marine Management frontage for several months and refused to pay. Muddy Water employees accessed Adams Bayou tract for an extended

period of time while Slay was undergoing medical treatment. Approximately $50,000 worth equipment disappeared during this time.

14. Bridge tract – the bridge tract, the only access to Emerald Island, was purchased by Slay with a fee simple warranty. Slay subsequently placed the bridge tract into Slay Family Trust.

15. Martin Sneed interest –Sneed interests – Various tracts of real estate throughout Southeast Texas and the Houston area that were listed in the Sneed Shipbuilding, Inc., Bankruptcy Case Number 16-60014, Allison D. Byman, Trustee v Wayne Peveto, Independent Executor of the Martin M Sneed Sr. Estate; Wayne Peveto, Trustee of the Sneed Marital Trust; Wayne Peveto Trustee of the Sneed Family Trust; Mary Sneed, Sherry Brown Sneed Upon Martin M Sneed's death, various tracts of real estate were merged, subdivided, and retitled. The Adams Bayou tract, now falsely claimed in the Double Chine property description, for example, has at times been described "north of a line...", "Tract 1", "Tract 101", "Tract 6", "Tract 4", and "metes and bounds", depending on which document is used. Exhibit G.

## FACTS

16. On April 27, 2009, Chester Slay purchased Tracts 1 and 2 of Emerald Island from Lone Star Shipyard, Inc. and subsequently placed the property into Slay Family Trust. (Exhibit B 2a & B 2b). Concurrent with the purchase of Tracts 1 and 2, Slay took possession of the entirety of Emerald Island, utilizing various parts of the island at various times in ways that would benefit and increase the value of the property as a whole.

17. In the case of *Converse v. Ringe*r, 6 Tex. Civ. App. 51 (Also cited as 24 S.W. 705), the Texas Court of Civil Appeals held that under the statute of limitations, possession under the limitation of ten years, is not required to be adverse to the entire world, but only to be adverse against the true owner of the land. In this case, Chester Slay adversely possessed the property against the previous owners of the property, the Martin Sneed Interests, from April 27, 2009 until his Affidavit of Possession was filed more than 12 years later on November 29, 2021.

18. In this case, Exhibit B-1 confirms the date of purchase, which was the date Chester Slay began moving onto Emerald Island. Exhibits B-2 and B-3 verify the overgrown and jungle-like condition of the property when Slay began to occupy the facility in 2009; (b) openly hostile to the record holder – (Exhibit O). – An overhead view of disputed property demonstrates that Sneed's Shipyard is directly across Adams Bayou from Emerald Island. Martin Sneed and Clyde Sneed were record title holders of the disputed property for the entirety of the time period 2009 – 2023. Every day for fourteen years that they came to work they could look across the waterway and see the activities on the disputed property, yet they took no action. (c) exclusive possession – there have been no operations, storage, business activity, etc. on the disputed tract that have occurred with permission from plaintiff. Defendant accessed the disputed tract, Chambers Marine property, and Slay Family Trust property while Chester Slay was undergoing heart surgery in Houston. Defendant's encroachment left gates open and resultant equipment theft of approximately $50,000. Defendant's operating LLC, Muddy Water Dredging, attempted to moor floating dredge pipe to Emerald Island claiming that it owned the land next to the water. Muddy Water was billed for the mooring so they moved their dredge pipe to an additional location.(d) actual improvement/usage of the land –

(Exhibits H & U) B-2 is an overhead view of Adams Bayou immediately prior to purchase in 2009. B-3 are pictures at various times after the land had been initially cleared. Several of the pictures show a clearing of the brush and trees down to the dirt. Initial intent was to plant that area. Both the West part of Adams Bayou and the far eastern part of Slay Family Trust are going to require additional fill material before becoming productive. (e) time limitation – property has been utilized from 2009 to 2021 by Chester Slay which is confirmed by Slay's Affidavit of Adverse Possession. Exhibit R.

19. On November 29, 2021 having complied with the requirements of the 10 year rule for title by Adverse Possession, Chester Slay filed an Affidavit of Adverse Possession with the Clerk of Orange County, Texas, which is applicable to approximately 3.8+ acres on the north side of Emerald Island.as called for in the Texas Civil Practices and Remedies Code, Section 16.021, et seq. (Exhibit U).

20. Slay claimed title to the property and then subdivided the tract between Chambers Marine Management, LLC and Adams Bayou Marine Management.

21. Texas Title Examination Standard 18.20 declares that when "title by adverse possession is perfected, the ownership in the land arising thereby is as full as can be held under any other character of title." Republic Nat'l Bank v. Stetson, 390 S.W.2d 257 (Tex. 1965); A title perfected through adverse possession is stated in the statute to be a "full title, precluding all claims", Tex. Civ. Prac. & Rem. Code Ann. §16.030 and has been held to be the perfection of a full fee simple title. Bryan v. Rouse, 214 S.W. 524 (Tex. Civ. App. - Amarillo 1919) (Exhibits C & D).

22. Defendant, on its oath, plead the property description in the Executor's Special Warranty Deed filed with the Orange County Clerk, Document ID Number 460031 on May 1, 2018, to be the true and correct property description on the disputed tract of property. Yet the Hannah map, on the oath of surveyor Dempsey D. Hannah, pleads the origin of the "metes and bounds" property description, which is completely different in form, verbiage, and definition, to be ID 460031, the same Executive Special Warranty Deed of May 1, 2018. It is at this point that defendant seeks to insert a more acceptable property description to the contract of date.

23. The evidence of the malicious and illegal intent of the Defendant's insertion is evident because the subsequent documents continue to reference and rely on old property descriptions that are known to the defendant to be outdated and misleading. If the new metes and bounds description is to continue to be used in subsequent documentation, one might make a misguided inference that the current metes and bounds description was developed from the old description. However, that is not the case.

24. Plaintiff is the owner of a 2.073 acre tract or parcel of land ("the Adams Bayou tract") located in the Henry Walter Survey, Abstract Number 459, Orange County, Texas more particularly described in Exhibit D to this Plaintiff's Second Amended Complaint.

25. Defendant incorrectly asserts that it is the owner of the Adams Bayou tract. Defendant Double Chine, LLC has threatened to move equipment on to the Adams Bayou tract. Defendant has accessed Adams Bayou property, Chambers Marine Management property, and Slay Family Trust property for multiple days at a time, without permission while Chester Slay was undergoing medical treatment and not on site.

26. Defendant, Double Chine, LLC claims to be a bona fide purchaser of the same tract currently possessed and claimed by Adams Bayou. Double Chine, LLC surreptitiously introduced a fabricated metes and bounds title within the alleged chain of title from Dick Lane to Double Chine, LLC.

Respectfully submitted this 20th day of June 2025

Law Office of Pardue and Associates, PLLC

/s/ Keith A. Pardue
Keith A. Pardue
State Bar No. 15458500
keith@keithparduelaw.com
2802 Flintrock Trace Suite 260
Austin, Texas 78738
Telephone: (512) 2676-6677
Telecopier: (512) 371-4145

Eric B. Storm
The Storm Law Firm
Telephone 512-999-2264
State Bar No. 24033244
eric.storm@thestormlawfirm.com
15511 Hwy 71 Suite 110-400
Austin Texas 78738
Attorneys For Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent to all parties and counsel of record in accordance with the Federal Rules of Civil Procedure on this the 20th day of June 2025

Jonathan Cunningham
Fidelity National Law Group
Legacy Town Center II
6900 Dallas Parkway, Suite 610
Plano, Texas 75024
(972) 812-6545
jonathan.cunninham@fnf.com
Counsel for Double Chine, LLC



P. Alan Sanders
McLeod, Alexander Powel & Apffel, P.C.
P.O. Box 629
Galveston, TX 77553
Tel. (346) 293-7853
Email: Alan.Sanders@Dinsmore.com
Counsel For Third Party Defendants

*/s/ Keith A. Pardue*
Keith A. Pardue