IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ADAMS BAYOU MARINE MANAGEMENT COMPANY, LLC,<br>   *Plaintiff,* | §§§§§ | |
| v. | §§ | |
| DOUBLE CHINE, LLC<br>   *Defendant/Third-Party Plaintiff,* | §§§§§§ | CASE NO. 1:23-cv-00084-MJT |
| v. | §§§§§ | |
| MARY E. SNEED FAMILY TRUST, et al.,<br>   *Third-Party Defendants.* | §§§ | |

**THIRD-PARTY DEFENDANTS, MARY E. SNEED FAMILY TRUST, et al.,
<u>REPLY</u> TO PLAINTIFF'S MOTION [Doc. #92] FOR LEAVE TO FILE
PLAINTIFF'S SECOND AMENDED PETITION [Doc. #91]**

    This Response is filed by the Third-Party Defendants in this lawsuit, namely Clyde Sneed and Wayne Peveto in multiple capacities. Third-Party Defendants were brought into this lawsuit by direct-defendant, Double Chine, LLC (Double Chine) through a third-party complaint. Doc. #13.  The original Plaintiff in this lawsuit is Adams Bayou Marine Management, LLC (Adams Bayou). Doc. #1.

    On June 24, 2025, Adams Bayou filed a Motion, Doc #92, seeking leave to file its Second Amended Complaint, also filed on June 24, 2025, Doc #91.  This is the Third-Party Defendants' Response to that Motion for Leave.

A. Paragraph 10 of the proposed Second Amended Complaint identifies the "Adams Bayou Tract" as being a 2.073 acre tract "which is the subject of this suit."

B. Paragraph 15 of the proposed Second Amended Complaint alleges that the "Adams Bayou tract, [is] now falsely claimed in the Double Chine property description …"

C. Paragraph 16 of the proposed Second Amended Complaint alleges that Chester Slay, as of April 27, 2009, "**took possession** of the entirety of Emerald Island, …" [bold added] thus alleging by necessary implication that he took possession of the Adams Bayou Tract.

D. Paragraph 17 of the proposed Second Amended Complaint alleges that under controlling Texas case law, an adverse possessor must possess adversely not against the entire world, "but only to be adverse against the true owner of the land." Continuing, "In this case, Chester Slay **adversely possessed** the property [in dispute] against the previous owners of the property, the Martin Sneed Interests, from April 27, 2009 until his **Affidavit of Possession** was filed more than 12 years later on November 21, 2021." [Bold added.]

E. Paragraph 18 of the proposed Second Amended Complaint alleges, in relevant part, that "Martin Sneed and Clyde Sneed were **record title holders** of the disputed property for the entirety of the time period 2009 – 2023." [Bold added.]

F. Paragraph 19 of the proposed Second Amended Complaint alleges that Slay "complied with requirements of the 10 year rule for **title by Adverse Possession**, …" [Bold added.]

G. Paragraph 20 of the proposed Second Amended Complaint references a title examination standard when "**title by adverse possession** is perfected, …" [Bold added.]

H. Paragraph 24 of the proposed Second Amended Complaint alleges that "Plaintiff **is the owner** of a 2.073 acre tract or parcel of land ("the Adams Bayou tract") …" [Bold added.]

I. Paragraph 26 of the proposed Second Amended Complaint alleges that "Defendant, Double Chine, LLC claims to be a bona fide purchaser of the same tract **currently possessed and claimed** by Adams Bayou." [Bold added.]

J. Attachment #11 to the proposed Second Amended Complaint, as a Civil Cover Sheet, contains in Part IV, "Nature of Suit," check box 290, "All Other Real Property" as the basis of Plaintiff's claims. In Part VI, "Cause of Action," for its brief description of cause: "Adverse Possession of Land."

This Court has ruled, in disposition of Third-Party Defendants' Motion for Partial Summary Judgment, that Plaintiff had, in its First Amended Complaint, abandoned its claims for title to the disputed tract on the basis of record title flowing from the sovereign, and also under the doctrine of "better title."

Because Plaintiff's proposed Second Amended Complaint now expressly rests solely upon its claim of Adverse Possession of the disputed tract as having been perfected prior to Third-Party Defendants' conveyance of the disputed tract to Double Chine, Third-Party Defendants do not object to Plaintiff's Motion for Leave to file the proposed Second Amended Complaint.

Nothing in this Response should be construed as an admission of any contention of fact or law alleged by Plaintiff in the proposed Second Amended Complaint. Nothing in this Response should be construed as a waiver or abandonment by Third-Party Defendants of any objection or motion to exclude discovery activity or trial evidence (testimonial or documentary), in opposition to any attempt by Plaintiff to seek relief in this lawsuit other than by its claim of having title to the disputed property on the basis of its Adverse Possession claim.

Respectfully submitted,

**Dinsmore & Shohl LLP**

*/s/ P. Alan Sanders*
P. Alan Sanders
Of Counsel to the Firm
TX Bar No. 17602100
JPMorgan Chase Tower
600 Travis St., Suite 7350
Houston, TX 77002
T:  346-293-7878
F:  346-293-7877
C: (409) 882-1706
COUNSEL FOR THIRD-PARTY DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all parties in interest through their respective counsel, by electronic filing and the e-filing systems notification process, on June 25, 2025.

*/s/ P. Alan Sanders*
P. Alan Sanders

62296712