IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ADAMS BAYOU MARINE MANUFACTURING COMPANY, LLC, *Plaintiff,* | § § § § | |
| VS. | § § | |
| DOUBLE CHINE, LLC, *Defendant/Third-Party Plaintiff,* | § § § § | CIVIL ACTION NO. 1:23-CV-00084 JUDGE MICHAEL J. TRUNCALE |
| VS. | § § | |
| MARY E. SNEED FAMILY TRUST; WAYNE PEVETO, INDIVIDUALLY AND AS TRUSTEE OF THE MARY E. SNEED FAMILY TRUST; THE ESTATE OF MARY E. SNEED, DECEASED; MARTIN M. SNEED FAMILY TRUST; NON-EXEMPT DESCENDANTS TRUST; EXEMPT DESCENDANTS TRUST; AND CLYDE SNEED, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF MARY E. SNEED, DECEASED, AS TRUSTEE OF THE MARTIN M. SNEED FAMILY TRUST; THE NON-EXEMPT DESCENDANTS; AND EXEMPT DESCENDANTS TRUST, *Third-Party Defendants.* | § § § § § § § § § § § § § § § § § | |

### ORDER DENYING AS MOOT DEFENDANT DOUBLE CHINE, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Defendant Double Chine, LLC ("Double Chine")'s Motion for Partial Summary Judgment. [Dkt. 74]. Double Chine filed its motion in this Court on March 24, 2025. *Id.* After the Court granted its motion for leave to file a late Response [Dkts. 81, 86], Plaintiff Adams Bayou Marine Management Company, LLC ("Adams Bayou")'s Response became a part of the record on April 20, 2025. [Dkt. 83]. Double Chine did not file a Reply.

On June 25, 2025, the Court granted Adams Bayou's Motion for Leave to File Plaintiff's Second Amended Complaint. [Dkts. 92, 94]. The motion was unopposed. *See* [Dkt. 92]. As such, Adams Bayou's Second Amended Complaint [Dkt. 91] became a part of the record on June 25, 2025.

The Second Amended Complaint introduces fresh allegations and attachments that were not addressed in Double Chine's motion for summary judgment. *See generally* [Dkts. 74, 91]. Given these circumstances, and the ever-present interest of judicial efficiency,[1] the Court will deny Double Chine's motion:

> As for Defendant's Motion for Summary Judgment, "an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (citation omitted). In its Motion for Summary Judgment, Defendant did not address issues pleaded for the first time in Plaintiff's Amended Complaint. (*See* Doc. 25). Accordingly, the Court will not attempt to determine which of Defendant's arguments remain viable in light of the Amended Complaint. Instead, the Court deniess [sic] as moot Defendant's Motion for Summary Judgment and will allow Defendant to file an Amended Motion for Summary Judgment based on the Amended Complaint.

*Payne v. Wal-Mart Stores Texas, LLC*, No. MO:18-CV-00224-DC, 2019 WL 9197604, at *4 (W.D. Tex. Oct. 25, 2019).

For the reasons stated above, it is **ORDERED** that Defendant Double Chine, LLC's Motion for Partial Summary Judgment [Dkt. 74] is hereby **DENIED AS MOOT**. This denial is **WITHOUT PREJUDICE** to the filing of an amended motion.[2]

**SIGNED this 26th day of June, 2025.**

Michael J. Truncale
United States District Judge

---

[1] *See* FED. R. CIV. P. 1 (emphasis added) (providing that the Rules "should be construed, administered, and employed by the court . . . to secure the just, *speedy*, and inexpensive determination of every action and proceeding").

[2] Although the dispositive motions deadline has expired under the operative Scheduling Order [Dkt. 89 at 2], the Court anticipates a request for a continuance in light of the Second Amended Complaint.