IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **ADAMS BAYOU MARINE** | § | |
| **MANAGEMENT COMPANY, LLC** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **DOUBLE CHINE, LLC** | § | **CASE NO. 1:23-CV 00084** |
| **Defendant/Third Party Plaintiff,** | § | **JUDGE MICHAEL J. TRUNCALE** |
| | § | |
| v. | § | |
| | § | |
| **MARY E. SNEED FAMILY TRUST,** | § | |
| **et, al.** | § | |
| | § | |
| **Third-Party Defendants.** | § | |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on April 6, 2026, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

A.  Counsel For The Parties

Plaintiff, Keith A. Pardue

Defendant/Third Party Plaintiff, Jonathan Cunningham

Third Party Defendants, Alan Sanders

B.  STATEMENT OF JURISDICTION

Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332.

C.  This is an Adverse Possession case brought by Plaintiff

D.   CONTENTIONS OF THE PARTIES

**[Plaintiff's Counsel]**
On November 29, 2021 Chester Slay filed an Adverse Possession Affidavit with the Clerk

of Orange County, Texas applicable to approximately 3.82 acres plus on the North Side of Emerald Island. In his Affidavit Chester Slay claimed that from 2009 to November 29, 2021 he that he had sole and uninterrupted possession of the 3.82 acre tract of land located in the Henry Walter Survey, Abstract No. 459, Orange County, Texas. Plaintiff's Exhibit 16. The 2.073 acre tract is located within the 3.82 acre tract. After claiming title, Slay subdivided the tract between Chambers Marine Management, LLC, and Adams Bayou Marine Management, Company, LLC. the Adams Bayou tract located in the Henry Walter Survey, Abstract no. 459, Orange Texas more particularly described in Exhibit D to Plaintiff's Second Amended Complaint.

**[Defendants' Counsel]**

Defendants dispute Plaintiff's allegations as merely recitals from his Second Amended Petition. Defendants assert that the Double Chine, LLC became the record title of the disputed property in June 2022, and Double Chine, LLC's grantors (i.e., Sneed) were record title holders of the disputed property for the entirety of the time period between 2009-2022. Defendants assert that the mere filing of a putative Affidavit of Adverse Possession does not suffice to establish adverse possession (or any title right), and that Plaintiff (or its predecessors in interest) did not continuously possess the disputed property through actual and visible appropriation of the disputed property under a claim of right that was inconsistent and hostile to the record title holders to the exclusion of all others for the requisite time period and as existed and completed before file of Plaintiff's Original Complaint on February 28, 2023. Defendants assert that Plaintiff (nor its predecessors in interest) never exercised open and obvious, hostile, exclusive control or possession of the disputed property so as to provide notice, either actual or by implication, of Plaintiff's hostile claim of the true owner, and that Plaintiff never performed acts on the disputed property, cultivated, or made use of the real property that was of such nature and character that would reasonably notify the true owner that a hostile claim was being asserted to the disputed property.

Defendant Double Chine, LLC further asserts that at the time common ownership was severed regarding the Slay Tract and the Double Chine Tract in or around 2009, there was retained a right-of-way access easement by necessity that burdened the Slay Tract (including the access bridge) in favor of the Double Chine Tract, and which Plaintiff has wrongfully refused and restricted access to the Double Chine Tract.

E.  STIPULATIONS AND UNCONTESTED FACTS

**[Plaintiff's Counsel]**

Plaintiff Adams Bayou Marine Management Company, LLC is a domestic limited liability company with its principal offices in Orange County, Texas.

Defendant Double Chine, LLC is a Louisiana limited liability company whose principal place of business is 1112 Larura Lane Lake Charles Louisiana 70605.

The amount in controversy exceeds $75,000.

Venue is proper in the Eastern District of Texas because the property at issue is located in Orange County, Texas

The Emerald Island is located on the confluence of Adams Bayou in Orange County, Texas bounded on the west by the New Adams Bayou channel and on the north, east and west by the oxbow of the Old Adams Bayou.

Conditions on Emerald Island when Chester Slay began occupying it in 2009 were overgrown with vegetation.

**[Defendants' Counsel]**
Defendants' Counsel does not dispute the above.  In addition, Defendants' Counsel believes that there will exist no controversy as to the admissibility of documents/instruments that were recorded in the property records and that the parties will likely stipulate as to such.


F.  CONTESTED ISSUES OF FACTS

**[Plaintiff's Counsel]**
Did Chester Slay adversely possess the contested 2.073 acre tract of land from 2009 to November 29, 2021.

**[Defendants' Counsel]**
Defendants' Counsel agrees that the primary question for the fact finder in this case is whether, by a preponderance of the evidence, Plaintiff established each of the required elements for adverse possession of the disputed property under the 10-year adverse possession statute.  A secondary issue is whether an access easement by necessity burdens the Slay Tract in favor of the Double Chine Tract.


G.  LIST OF WITNESSES
**Plaintiff**
Chester Slay
Rex Reavis              - [Defendants' Counsel] Defendants will likely challenge the
Michael Derrick          admissibility of these 3 witnesses.
Jonathon Bottoms

**Defendant Double Chine, LLC**
Chester Slay              - as adverse/subject to cross-examination
Clyde Sneed

Matthew Devall

**Third Party Defendant Sneed**
Chester Slay                as adverse/subject to cross examination
Clyde Sneed

H.  LIST OF EXHIBITS
Plaintiff's Exhibits 1-67.

**[Defendants' Counsel]**  Defendants are currently evaluating Plaintiff's Exhibits and believe that in order to preclude unnecessary duplication, will be able to approve most and be offered as joint exhibits, leaving only a small remainder subject to challenge.  By such effort, Defendants will, if at all, have only a potentially small number of individual exhibits.

I.  LIST OF ANY PENDING MOTIONS

**[Defendants' Counsel]**
Currently, the parties do not have pending motions before the Court.

J.  PROBABLE LENGTH OF TRIAL

**[Plaintiff's Counsel]**
4 days

**[Defendants' Counsel]**
Defendants' Counsel concur that with one day of pre-trial matters, trial for this case should be no more than three additional days.

K.  MANAGEMENT CONFERENCES

**[Defendants' Counsel]**
Defendants' Counsel believes the first day of the trial schedule, 4/6/2026, is intended to include pre-trial management conference.

L.  CERTIFICATIONS

The undersigned counsel for each of the parties in this action do herby certify and acknowledges the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's Orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:

(a) is in existence

(b) is numbered; and

(c) has been disclosed and shown to opposing counsel

Approved as to form and substance:

Attorney For Plaintiffs __/S/ Keith A. Pardue_____

Attorney For Defendant/Third Party Plaintiff__/S/ Jonathan J. Cunningham_____

Attorney For Third Party Defendant__/S/ Alan Sanders_____

This Joint Pre-Trial Order is hereby approved this _____ Day of April, 2026

_____
Michael J. Truncale
United States District Judge